UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA THIBODEAUX | CIVIL ACTION |
| VERSUS | |
| THE DOW CHEMICAL COMPANY, ET AL. | NO. 16-567-BAJ-RLB |

## ORDER

Before the Court is defendant The Dow Chemical Company's ("Dow") Motion for Contempt and to Compel against Daronda M. Parker-Lathan, LCSW (R. Doc. 18) filed on June 30, 2017. Dow seeks an order requiring Ms. Parker-Lathan to immediately produce the documents requested in a subpoena served on April 19, 2017, without objection, and awarding its reasonable expenses, including attorney's fees, incurred in addressing Ms. Parker-Lathan's failure to comply with the subpoena. (R. Doc. 18-1 at 9).

Ms. Parker-Lathan has not filed any response to Dow's motion as of the date of this Order.

Rule 45 provides that "[a]t any time, *on notice to the commanded person*, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). A court may not order compliance with a subpoena under Rule 45 unless the subpoenaed party and the parties to the action have first been provided notice of the motion to compel. *See*, *e.g.*, *Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 68604, at *1 (M.D. La. Jan. 8, 2014), *reconsideration denied*, 2014 WL 204244 (M.D. La. Jan. 17, 2014).

In the Certificate of Service accompanying the instant motion, Dow's counsel certifies that the motion was sent to Ms. Parker-Lathan "by email, facsimile, hand delivery and/or First Class, U.S. mail properly addressed and postage prepaid, on June 30, 2017." (R. Doc. 18-1 at 10).

It is unclear from the foregoing what method or methods of service Dow's counsel actually used to serve Ms. Parker-Lathan a copy of the instant motion. The use of the phrase "and/or" is boilerplate at best and provides no indication as to how Ms. Parker-Lathan was provided notice as required by Rule 45. Considering that Ms. Parker-Lathan has not responded to the instant motion within the time allowed by Local Rule 7(f), the Court will require Dow to serve the instant motion on Ms. Parker-Lathan again, and clearly indicate the method or methods of service on Ms. Parker-Lathan on an updated certificate of service.

Based on the foregoing,

**IT IS ORDERED** that Dow shall serve a copy of the instant Motion (R. Doc. 18) <u>and this Order</u> on the non-party Daronda M. Parker-Lathan, LCSW within **5 days** of the date of this Order at the following addresses: (1) 4919 Jamestown Avenue, Suite #101-D, Baton Rouge, Louisiana, 70808; (2) 13888 Plank Road, Suite B, Baker, Louisiana, 70714; and any other address or location where Ms. Parker-Lathan may be found.

**IT IS FURTHER ORDERED** that Dow shall file into the record a certificate of service indicating that it has served a copy of the instant Motion and this Order on the non-party Daronda M. Parker-Lathan, LCSW, including identification of the specific methods of service used, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that the non-party Daronda M. Parker-Lathan, LCSW shall file any response to Dow's Motion (R. Doc. 18) **within 7 calendar days** of the date she is served with a copy of the instant Motion and this Order.

Signed in Baton Rouge, Louisiana, on July 31, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**